**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| **WiFidelity LLC,** | Case No. 7:26-cv-239 |
| Plaintiff, | Patent Case |
| v. | Jury Trial Demanded |
| **HID Global Corporation,** | |
| Defendant. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

1.      Plaintiff WiFidelity LLC ("Plaintiff"), through its attorneys, complains of HID Global Corporation ("Defendant"), and alleges the following:

**PARTIES**

2.      Plaintiff WiFidelity LLC is a corporation organized and existing under the laws of New Mexico that maintains its principal place of business at 1209 Mountain Rd Pl NE STE n, Albuquerque, NM 87110.

3.      Defendant HID Global Corporation is a corporation organized and existing under the laws of Delaware that maintains an established place of business at 611 Center Ridge Dr, Austin, TX 78753.

**JURISDICTION**

4.      This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

1

5.      This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

<strong>VENUE</strong>

7.      Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has an established place of business in this District. In addition, Defendant has committed acts of patent infringement in this District, and Plaintiff has suffered harm in this district.

<strong>PATENT-IN-SUIT</strong>

8.      Plaintiff is the assignee of all right, title and interest in United States Patent No. 9,002,376 (the "Patent-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

<strong>THE '376 PATENT</strong>

9.      The '376 Patent is entitled "Systems and methods for gathering information about discrete wireless terminals," and issued 2015-04-07. The application leading to the '376 Patent was filed on 2013-03-15. A true and correct copy of the '376 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

<strong>COUNT 1: INFRINGEMENT OF THE '376 PATENT</strong>

10.     Plaintiff incorporates the above paragraphs herein by reference.

11.     **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '376 Patent in at least this District by making, using, offering to sell,

2

selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '376 Patent also identified in the charts incorporated into this Count below (the "Exemplary '376 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '376 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

12.    Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '376 Patent Claims, by having its employees internally test and use these Exemplary Products.

13.    **Actual Knowledge of Infringement**. The service of this Complaint, in conjunction with the attached claim charts and references cited, constitutes actual knowledge of infringement as alleged here.

14.    Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '376 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '376 Patent. See Exhibit 2 (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

15.    **Induced Infringement**. At least since being served by this Complaint and corresponding claim charts, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '376 Patent, literally or by the doctrine of equivalents, by selling

Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '376 Patent.

16. Exhibit 2 includes charts comparing the Exemplary '376 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '376 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '376 Patent Claims.

17. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 2.

18. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

### JURY DEMAND

19. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A judgment that the '376 Patent is valid and enforceable

B. A judgment that Defendant has infringed directly and indirectly one or more claims of the '376 Patent;

C. An accounting of all damages not presented at trial;

D. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's continuing or future infringement, up until the date such judgment is entered with respect to the '376 Patent, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284;

E.      And, if necessary, to adequately compensate Plaintiff for Defendant's

infringement, an accounting:

   i.    that this case be declared exceptional within the meaning of 35 U.S.C. § 285

         and that Plaintiff be awarded its reasonable attorneys fees against Defendant

         that it incurs in prosecuting this action;

   ii.   that Plaintiff be awarded costs, and expenses that it incurs in prosecuting

         this action; and

  iii.   that Plaintiff be awarded such further relief at law or in equity as the Court

         deems just and proper.


Dated: June 24, 2026                    Respectfully submitted,

                                        /s/ Isaac Rabicoff
                                        Isaac Rabicoff
                                        Rabicoff Law LLC
                                        4311 N Ravenswood Ave Suite 315
                                        Chicago, IL 60613
                                        7736694590
                                        isaac@rabilaw.com


                                        **Counsel for Plaintiff**
                                        **WiFidelity LLC**